# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER A. LAGORIO, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>GERMBLOC, INC and WILLSPEED TECHNOLOGY LLC.,<br><br>                    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Peter A. Lagorio ("Plaintiff"), on behalf of himself and all others similarly situated, hereby submits the following Class Action Complaint ("Complaint") against GermBloc, Inc. and WillSpeed Technology LLC (collectively, the "Defendants") and upon personal knowledge as to his own acts and status, and upon information and belief, the investigation of his counsel, and the facts that are a matter of public record, as to all other matters, alleges as follows:

## NATURE OF THE ACTION AND PLAINTIFF'S CLAIMS

1.      Defendants manufacture, advertise, market, label, distribute and sell a topical antiseptic hand sanitizer product in a variety of sizes which is alcohol-free and bears the brand name "germbloc" (the "Product").

2.      The Product is available for purchase online throughout the United States through a website consisting of a landing page (i.e., germbloc.com) and pages linked thereto where the actual purchase of the Product is accomplished, all of which is owned and/or controlled by Defendants (collectively, the "Website"). The Product is also advertised by Defendant WillSpeed

Technology LLC on a website owned and controlled by it; namely, http://www.willspeedtech.com/WillSpeed (the "WillSpeed Website").

3. On information and belief, the content of the Website was co-created by Defendants knowing it would be accessible by Plaintiff and members of each Class identified below in order to purchase the Product.

4. On information and belief, the content of the WillSpeed Website was co-created by Defendants knowing it would be accessible by Plaintiff and members of each Class identified below in order to purchase the Product.

5. The recent pandemic of the fatal Coronavirus has prompted increased demand for *alcohol-based* hand sanitizer products.

6. Preying upon the crisis caused by the coronavirus, Defendants have consistently promoted, marketed and advertised the Product, an *alcohol-free* product, on websites, and elsewhere, as set forth in detail below, as killing "99.99% of germs."

7. The Product as advertised on the Website depicts the Product label which contains a representation in prominent print as follows: "KILLS 99.99% of GERMS."

8. The Website represents further under the caption "Description" that the Product "Kills 99.99% of germs."

9. The WellSpeed Website represents that the Product "Kills 99.99% of germs in 15 seconds!"

10. Despite the Product label representation and the Website representation under the caption "Description" and the WellSpeed Website representation (individually and collectively, the "Representation(s)") concerning the killing of 99.99% of germs, there are no reliable studies that support the Representations.

11. On information and belief, the Product does not kill a great variety of germs and/or bacteria including certain germs/bacteria that cause a variety of diseases (the "Diseases"), including certain strains of influenza, Ebola, coronavirus and norovirus.

12. By each Representation, reasonable consumers are misled to believe that proper use of the Product will prevent the Diseases and will kill 99.99% of *all* germs that cause *all* illnesses in human beings.

13. The Food and Drug Administration (the "FDA") recently issued a warning letter (the "FDA Warning Letter")[1] to a manufacturer of an *alcohol-based* hand sanitizer, Gojo, Inc., regarding its Purell brand name product, which detailed Gojo's false, deceptive and dangerous marketing of the Purell product-line which included the unproven representation that Purell "Kills more than 99.99% of most common germs… ."

14. Among other things, the FDA Warning Letter states that it is not aware of "any adequate and well-controlled studies demonstrating that killing or decreasing the number of bacteria or viruses on the skin by a certain magnitude produces a corresponding clinical reduction infection or disease caused by such bacteria or virus."

15. Further, the "FDA promulgated a news release on April 27, 2020 stating, in pertinent part, as follows: **"…hand sanitizers are not proven to treat COVID-19… ."**

16. Furthermore, on information and belief, *non-alcohol-based* hand sanitizers, such as the Product, are not nearly as effective in killing or reducing germs on the skin as are alcohol-based hand sanitizers.

17. The Center for Disease Control has stated that non-alcohol-based hand sanitizers are much less effective than alcohol-based products. Specifically, the CDC stated the following in

---

[1] Warning letter at https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/gojo-industries-inc-599132-01172020  (last viewed May 27, 2020).

3

comparing non-alcohol based to alcohol based hand sanitizing products: ***"Hand sanitizers without 60-95% alcohol 1) may not work equally well for many types of germs; and 2) merely reduce the growth of germs rather than kill them outright."***

18. The Representation on the Product label does not conform to the statements required to be set forth pursuant to governing FDA tentative rules governing the Product.

19. The Representation on the Product label and otherwise on the Website and the WillSpeed Website each is false and misleading as the Product when used as directed does not kill 99.99% of all germs.

20. As the Product is alcohol-free, the FDA Warning Letter condemning Gojo's representations concerning Purell's ability to kill 99.99% of germs and thereby prevent the Diseases as well as other human illnesses applies ***all the more*** to the Product. In fact, the FDA Warning Letter explicitly expanded it warning beyond Purell, stating that "we are not aware of a similar OTC [over-the-counter] product formulated as labeled" that is supported by evidence that it is safe and effective for the prevention of infection from the flu or other viruses.

21. The FDA has never established that an alcohol-free hand sanitizer is generally recognized as safe and effective for its intended use as a topical antiseptic.

22. The Product's claims on the Product label in the form of the Representation are not in compliance with the statements for topical antiseptics required by the FDA and, in fact, grossly overstate the efficacy of the Product.

23. No topical antiseptic products have ever been able to achieve the results stated in the Representations.

24. Each Representation is harmful, false, misleading and deceptive to consumers because it gives the misleading impression that using the Product will prevent the Diseases and all

other human illnesses, including SARS Covid-2, the illness caused by the COVID-19 virus (i.e., the "Coronavirus").

25. Each Representation has allowed and continues to allow Defendants to unlawfully increase their sales of the Product and gives Defendants a competitive edge over many other products in the marketplace including, by example, products that expressly state that the product is effective in reducing and/or killing only a limited number and/or type of germs.

26. The Defendants' conduct caused Plaintiff, and others similarly situated, to suffer damages requiring disgorgement and restitution as well entitling them to injunctive relief and other equitable relief.

27. The Product is unable to provide the outcomes promised by the Defendants in the Representations, but through each Representation, Defendants cause consumers to defer or forgo taking other concrete measures at preventing the Diseases and other human illnesses, increasing their risk of contracting the same.

28. The Defendants' marketing and sale of the Product with the Representations is designed to – and did – to the knowledge of Defendants, deceive, mislead and defraud consumers and all other purchasers of the Product.

29. The Defendants' false, deceptive and misleading marketing and sale of the Product has enabled Defendants to sell more of the Product and at higher prices per unit than they would have in the absence Defendants' misconduct.

30. Defendants' misconduct alleged above results in additional profits to Defendants at the expense of consumers and other purchasers of the Product and the risk of consumers' greater susceptibility to the Diseases and other human illnesses.

31.     The value of the Product that Plaintiff purchased was materially less than its value as represented by the Defendants.

32.     Had Plaintiff and class members of each Class identified below known the truth, they would not have bought the Product, or would have paid less for it, and in the case of individuals would not have foregone or deferred proven medically established recommendations to prevent transmission of the Diseases and other human illnesses.

33.     As a result of each false and misleading Representation, the Product is sold at a premium price compared to other similar products sold in a way that is not misleading.

34.     As a result of Defendants' false and deceptive claims, consumers and other purchasers of the Product--including Plaintiff and the other members of the proposed Classes--have purchased a product that has not been proven to perform as advertised.  This action seeks to obtain redress for purchasers the Product, and to enjoin Defendants' deceptive and unlawful advertising as well as to obtain other equitable relief and injunctive relief.  Plaintiff brings this lawsuit against Defendants on behalf of himself and all other similarly situated purchasers of the Product in the United States alleging claims for unjust enrichment and violations of M.G.L. c. 266, § 91, and M.G.L. c. 93A, § 2.

## JURISDICTION AND VENUE

35.     This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because the aggregate claims of Plaintiff and members of the Class, which exceeds one hundred persons, exceed the sum or value of $5,000,000, exclusive of interest and

costs, and there is diversity of citizenship between at least one member of the proposed Class and Defendant.

36. This Court has personal jurisdiction over the Defendant because the Defendant conducts business in Massachusetts via its online sales.

37. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). Defendant conducts substantial business throughout Massachusetts, and a substantial part of the events, acts and transactions giving rise to the claims occurred in this District.

## PARTIES

38. Plaintiff is a resident of Suffolk County in the Commonwealth of Massachusetts, and was exposed to Defendants' deceptive and misleading statements (i.e., the Representation) in Massachusetts through purchase of Defendants' Product from the Website on March 16, 2020. In reliance on the misleading Representation, Plaintiff purchased an 8-ounce bottle of the Product for $ 13.99 plus shipping cost of $ 4.95 for a total purchase price of $ 18.94. Had Plaintiff known the truth concerning the Representation, he would not have purchased the Product.

39. Defendant WillSpeed Technology LLC is a limited liability company organized and existing under the laws of the State of Idaho, having its principal place of business at 2121 E. Plaza Loop, Nampa, ID. Thus, WillSpeed Technology LLC is a citizen of Idaho.

40. On information and belief, Defendant GermBloc Inc. is wholly owned by Defendant WillSpeed Technology LLC and is a corporation having its principal place of business at 2121 E. Plaza Loop, Nampa, ID. Thus, Germbloc, Inc. is a citizen of Idaho.

41. Plaintiff is informed and believes, and thus alleges, that at all times herein, each of the Defendant's respective agents, employees, representatives, and owners, were acting within the course and scope of such agency, employment, and representation, on behalf of each respective Defendant.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(1), (b)(2), (b)(3) and (c)(4) on behalf of himself and two Classes of all others similarly situated.

43. Each Class meets the criteria for certification under Rule23(a), (b)(1), (b)(2), (b)(3) and (c)(4).

44. The first Class consists of all persons who purchased the Product in the United States during the period from June 6, 2017 until notice is disseminated to the Class. Excluded from the Class is each Defendant and their respective officers, directors, and employees.

45. The Second Class consists of all persons who purchased the Product in the Commonwealth of Massachusetts during the period from June 6, 2016 until notice is disseminated to the Class (the "Massachusetts Class"). Excluded from the Massachusetts Class is each Defendant and their respective officers, directors, and employees, and those who purchased the Product for resale.

46. **Risk of Inconsistent or Varying Adjudications. Fed. R. Civ. P. 23(b)(1)**. As the proposed members of each Class include hundreds if not thousands of persons that are widely geographically disbursed, there is a significant risk of inconsistent or varying adjudications with respect to individual members of each Class that would establish incompatible standards of conduct for each Defendant.

47. *Numerosity*. The members of each Class are so numerous that joinder of all members would be impracticable. Plaintiff is informed and believes, and on that basis alleges, that each Class contains hundreds if not thousands of members. The precise number of Class members is unknown to Plaintiff.

48. ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of each Class and predominate over any questions

8

affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

    (a)    Whether Defendants had adequate substantiation for each Representation prior to making it;

    (b)    Whether each Representation is true, or is misleading, or reasonably likely to deceive;

    (c)    Whether the Defendants' alleged misconduct constitutes violations of the laws asserted herein;

    (d)    Whether Defendants are engaged in unfair and/or deceptive advertising with respect to the Product;

    (e)    Whether Defendants have been unjustly enriched;

    (f)    Whether Plaintiff and members of each Class have been injured by Defendants' conduct; and

    (g)    Whether Plaintiff and members of each Class are entitled to relief, and the amount and nature of such relief.

49. ***Typicality***. The claims of Plaintiff are typical of the claims of the members of each Class because, among other things, Plaintiff asserts the same claims, and all Class members of each Class were injured through the uniform misconduct described above.

50. ***Adequacy of representation***. Plaintiff will fairly and adequately protect the interests of each Class, and has retained counsel experienced in class and complex litigation. Plaintiff has no interests antagonistic to members of either Class, and neither Defendant has any defenses unique to Plaintiff.

51. ***Superiority***. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for the following reasons:

    (h)    It is economically impractical for members of each Class to prosecute individual actions;

(i) Each Class is readily definable; and

(j) Prosecution as a class action will eliminate the possibility of repetitious litigation.

52. A class action will cause an orderly and expeditious administration of the claims of each Class. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

53. **Declaratory Relief. Fed. R. Civ. P. 23(b)(2)**. Class certification is also appropriate under Rule 23(b)(2) because each Defendant through its uniform conduct has acted or refused to act (and continues to act or refused to act) on grounds that apply generally to each Class as a whole, thus making final injunctive relief or corresponding declaratory relief appropriate respecting each Class as a whole.

54. Plaintiff does not anticipate any undue difficulty in the management of this litigation.

55. Plaintiff and members of each Class expressly exclude and will exclude any causes of action relating to personal injury or other bodily harm arising from either Defendant's conduct.

56. Plaintiff reserves the right to amend or modify each Class definition with greater specificity or division after having had an opportunity to conduct discovery.

## FIRST CLAIM

**(For Violations of Untrue and Misleading Advertising under Mass. Gen. Laws c. 266, § 91)**

67. Plaintiff incorporates the above allegations by reference as if set forth herein in full.

68. Defendants' labeling, marketing, advertising, and promotion of the Product is untrue, deceptive, and/or misleading, in violation of Mass. Gen. Laws c. 266, § 91.

10

69. At all times relevant to this action, each Defendant knew, or could, upon reasonable investigation, have ascertained that its labeling, marketing, advertising, and promotion of the Product was untrue, deceptive, and/or misleading.

70. Defendants' untrue, deceptive, and/or misleading labeling, marketing, advertising, and promotion of the Product has continued throughout the Class Period and is continuing as of the present date.

71. As a purchaser of the Product who was damaged by Defendants' untrue, deceptive and/or misleading advertising (in that Plaintiff and the other members of each Class purchased a product that did not conform to the representations made about the Product by Defendants), Plaintiff is entitled to and does bring this class action to seek all available remedies under Mass. Gen. Laws c. 266, § 91, including injunctive relief. The injunctive relief would include an order directing each Defendant to cease its false and misleading labeling and advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

## SECOND CLAIM

**(For Violations of Unfair and Deceptive Conduct in Violation of M.G.L., c. 93A, § 2)**

**(On Behalf of the Massachusetts Class)**

72. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

73. Defendants' conduct, as alleged herein, constitutes unfair or deceptive acts or practices and unfair methods of competition in trade or commerce in violation of M.G.L. c. 93A, § 2 and the regulations promulgated thereunder, including without limitation, 940 C.M.R. §§ 3.02 (2), §§ 3.05(1) and (2), §§ 3.16(2) and (3) and (4), and §§ 604(1) and (2).

74. Defendants' unlawful conduct includes their false and misleading statements, representations, and depictions in its labeling, marketing and advertising for the Product, as alleged in greater detail above. Such conduct injured Plaintiff and each of the other Class Members of the Massachusetts Class, in that they paid more for the falsely advertised product they purchased than was worth at the time of purchase, or would have not purchased the Product at all.

75. Defendants unfair or deceptive acts or practices, as alleged herein, were willful or knowing violations of M.G.L. c. 93A, § 2, within the meaning of M.G.L. c. 93A, § 9(3).

76. On April 7, 2020, Plaintiff served Defendants with a demand letter by mail, in accordance with M.G.L., c. 93A, § 9(3). The demand letter explained in detail the nature of the unfair or deceptive acts or practices, the injuries suffered by Plaintiff and the other members of the Massachusetts Class he seeks to represent, as well as demanding compensation for those injuries and other relief.

77. Defendants failed and refused to make a reasonable offer of relief for the Plaintiff and the Massachusetts Class.

78. Plaintiff and the other members of the Massachusetts Class have been injured by Defendants' unfair or deceptive acts or practices and unfair methods of competition.

79. Pursuant to M.G.L. c. 93A, §§ 9(3) and 9(4), Plaintiff and each of the other members of the Massachusetts Class are entitled to recover double or treble the amount of their actual damages, or statutory damages, whichever is greater, plus their reasonable attorneys' fees and the costs of this action.

80. Plaintiff and the other members of the Massachusetts Class are also entitled to injunctive relief in the form of an order directing Defendants to cease its false and misleading labeling and advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

## THIRD CLAIM

### (Unjust Enrichment)

81. Plaintiff incorporates the above allegations by reference as if set forth herein in full.

82. Defendants sold the Product based on the advertised ability of the Product to kill 99.99% of all germs, as further described above. However, the Product does not have such capabilities, as further described above.

83. By purchasing the Product, Plaintiff and the members of each Class have conferred a significant monetary benefit on Defendants, which benefit is known and has been appreciated by Defendants.

84. Retention by Defendants of the benefit conferred by Plaintiff and the members of each Class would, under the circumstances, be inequitable.

85. Plaintiff, on behalf of himself and the members of each Class, seeks restitution or, in the alternative, imposition of a constructive trust on the funds inequitably received and retained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of each Class, prays for judgment against each Defendant as follows:

A. An Order certifying this case as a class action and appointing Plaintiff and his counsel to represent the members of each Class;

B. An Order awarding restitution and disgorgement of each Defendant's revenues from sale of the Product to Plaintiff and each member of each Class;

C. An Order awarding equitable relief, including: enjoining each Defendant from continuing the unlawful false advertising practices as set forth herein, directing each Defendant to

retrieve existing false and misleading advertising and promotional materials, directing each Defendant to engage in a corrective advertising campaign, directing each Defendant to identify, with Court supervision, victims of their conduct and pay them restitution, and disgorgement of all monies acquired by each Defendant by means of any act or practice declared by this Court to be wrongful;

D. An Order awarding the greater of actual damages (including double or treble damages) or statutory damages, as allowable by law;

E. An Order awarding attorneys' fees and costs to Plaintiff and the other member of each Class; and

F. Such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated:   June 5, 2020

Respectfully submitted,

/s/ Edward L. Manchur
Edward L. Manchur (BBO #316910)
P.O. Box 3156
Peabody, MA 01960
Phone: (978) 333-1013
manchurlaw@gmail.com
***Counsel for Plaintiff Peter Lagorio***

15

16

17